APPEAL,CLOSED,JURY,TYPE–M

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:16−cv−01400−JDB
### *Internal Use Only*

| | |
|---|---|
| NNAKA v. FEDERAL REPUBLIC OF NIGERIA et al | Date Filed: 07/04/2016 |
| Assigned to: Judge John D. Bates | Date Terminated: 02/27/2017 |
| Demand: $320,000,000 | Jury Demand: Plaintiff |
| Case: 1:13−cv−01832−JDB | Nature of Suit: 190 Contract: Other |
| Case in other court:   USCA, 17−07044 | Jurisdiction: Federal Question |
| Cause: 28:1605A Foreign Sovereign Immunities Act | |

**Plaintiff**

| | | |
|---|---|---|
| **GODSON M. NNAKA** | represented by | **Benneth O. Amadi** <br> AMADI LAW OFFICE <br> 204 Blossom Street Ext. <br> Ste. A <br> Lynn, MA 01901 <br> 781−581−5144 <br> Fax: 781−581−5145 <br> Email: bamadilaw@comcast.net <br> *LEAD ATTORNEY* <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **FEDERAL REPUBLIC OF NIGERIA** | represented by | **Anthony O. Egbase** <br> A.O.E. LAW & ASSOCIATES <br> 350 S. Figueroa Street <br> Suite 189 <br> Los Angeles, CA 90071 <br> (213) 620−7070 <br> Email: info@aoelaw.com <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **ABUBAKAR MALAMI** | represented by | **Anthony O. Egbase** <br> (See above for address) <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/04/2016 | 1 | | |

| | | |
|---|---|---|
| | | COMPLAINT against FEDERAL REPUBLIC OF NIGERIA, MALAMI ABUBAKAR with Jury Demand ( Filing fee $ 400 receipt number 0090–4590956) filed by GODSON M NNAKA. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Appendix Designation of Related Cases)(Amadi, Benneth) (Entered: 07/04/2016) |
| 07/04/2016 | 2 | NOTICE OF RELATED CASE by GODSON M. NNAKA. Case related to Case No. 13–cv–1832–JDB. (jd) (Entered: 07/05/2016) |
| 07/05/2016 | | Case Assigned to Judge John D. Bates. (jd) (Entered: 07/05/2016) |
| 07/05/2016 | 3 | SUMMONS (4) Issued Electronically as to FEDERAL REPUBLIC OF NIGERIA, ABUBAKAR MALAMI. (Attachments: # 1 Consent Form)(sb) (Entered: 07/05/2016) |
| 07/06/2016 | 4 | NOTICE *of Plaintiff's Consent and Reference of a Civil Action to a Magistrate Judge,* by GODSON M. NNAKA (Amadi, Benneth) (Entered: 07/06/2016) |
| 07/08/2016 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to FEDERAL REPUBLIC OF NIGERIA served on 7/8/2016, answer due 9/6/2016. (Amadi, Benneth) (Entered: 07/08/2016) |
| 07/08/2016 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to ABUBAKAR MALAMI served on 7/8/2016, answer due 9/6/2016. (Amadi, Benneth) (Entered: 07/08/2016) |
| 08/08/2016 | 7 | AFFIDAVIT (Amadi, Benneth) Modified on 8/9/2016 (td). (Entered: 08/08/2016) |
| 08/08/2016 | 8 | ENTERED IN ERROR. . . . .AFFIDAVIT (Amadi, Benneth) Modified on 8/9/2016 (td). Modified on 8/9/2016 (td). (Entered: 08/08/2016) |
| 08/08/2016 | 9 | AFFIDAVIT (Amadi, Benneth) Modified on 8/9/2016 (td). (Entered: 08/08/2016) |
| 08/08/2016 | 10 | ENTERED IN ERROR. . . . .AFFIDAVIT (Amadi, Benneth) Modified on 8/9/2016 (td). Modified on 8/9/2016 (td). (Entered: 08/08/2016) |
| 08/08/2016 | 11 | ENTERED IN ERROR. . . . .RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to All Defendants. (Amadi, Benneth) Modified on 8/9/2016 (td). (Entered: 08/08/2016) |
| 08/09/2016 | 12 | NOTICE of Appearance by Anthony O. Egbase on behalf of FEDERAL REPUBLIC OF NIGERIA, ABUBAKAR MALAMI (Egbase, Anthony) (Main Document 12 replaced on 8/9/2016) (ztd). (Entered: 08/09/2016) |
| 08/09/2016 | | NOTICE OF CORRECTED DOCKET ENTRY: DUPLICATE ENTRIES re 11 Summons Returned Executed as to foreign state or agency, 10 Summons Returned Executed as to foreign state or agency, 8 Summons Returned Executed as to foreign state or agency was entered in error. (td) (Entered: 08/09/2016) |
| 09/06/2016 | 13 | MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim upon which Relief can be Granted* by FEDERAL REPUBLIC OF NIGERIA, ABUBAKAR MALAMI (Egbase, Anthony) (Entered: 09/06/2016) |
| 09/06/2016 | 14 | MOTION to Take Judicial Notice *filed concurrently with Motion to Dismiss* by FEDERAL REPUBLIC OF NIGERIA, ABUBAKAR MALAMI (Egbase, |

| | | | |
|---|---|---|---|
| | | | Anthony) (Entered: 09/06/2016) |
| 09/21/2016 | 15 | | Memorandum in opposition to re 14 MOTION to Take Judicial Notice *filed concurrently with Motion to Dismiss* filed by GODSON M. NNAKA. (Attachments: # 1 Exhibit A and B)(Amadi, Benneth) (Entered: 09/21/2016) |
| 09/21/2016 | 16 | | Memorandum in opposition to 13 Motion to Dismiss filed by GODSON M. NNAKA. (Attachments: # 1 Affidavit In Support of Plaintiff's Opposition to Plaintiff's Motion to Dismiss, # 2 Appendix Proposed Oder, # 3 Exhibit A to G, in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, # 4 Supplement Plaintiff's Opposition to Defendants' Requests for Judicial Notice)(Amadi, Benneth) Modified to add linkage and text on 9/21/2016 (td). (Entered: 09/21/2016) |
| 10/03/2016 | 17 | | REPLY to opposition to motion re 14 MOTION to Take Judicial Notice *filed concurrently with Motion to Dismiss* filed by FEDERAL REPUBLIC OF NIGERIA, ABUBAKAR MALAMI. (Egbase, Anthony) (Entered: 10/03/2016) |
| 10/03/2016 | 18 | | REPLY to opposition to motion re 13 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim upon which Relief can be Granted* filed by FEDERAL REPUBLIC OF NIGERIA, ABUBAKAR MALAMI. (Egbase, Anthony) (Entered: 10/03/2016) |
| 10/07/2016 | 19 | | MOTION to Strike 18 Reply to opposition to Motion, 17 Reply to opposition to Motion by GODSON M. NNAKA (Attachments: # 1 Text of Proposed Order)(Amadi, Benneth) (Entered: 10/07/2016) |
| 10/21/2016 | 20 | | Memorandum in opposition to re 19 MOTION to Strike 18 Reply to opposition to Motion, 17 Reply to opposition to Motion filed by FEDERAL REPUBLIC OF NIGERIA, ABUBAKAR MALAMI. (Egbase, Anthony) (Entered: 10/21/2016) |
| 10/25/2016 | 21 | | REPLY to opposition to motion re 19 MOTION to Strike 18 Reply to opposition to Motion, 17 Reply to opposition to Motion filed by GODSON M. NNAKA. (Amadi, Benneth) (Entered: 10/25/2016) |
| 02/27/2017 | 22 | | ORDER granting 13 defendants' motion to dismiss, granting in part and denying in part 14 defendants' motion to take judicial notice, denying 19 plaintiff's motion to strike, and denying plaintiff's motion for leave to file a surreply. See text of Order and accompanying Memorandum Opinion for details. Signed by Judge John D. Bates on 2/27/2017. (lcjdb3) (Entered: 02/27/2017) |
| 02/27/2017 | 23 | | MEMORANDUM OPINION. Signed by Judge John D. Bates on 2/27/2017. (lcjdb3) (Entered: 02/27/2017) |
| 03/10/2017 | 24 | | MOTION to Vacate 23 Memorandum & Opinion, 22 Order on Motion to Dismiss/Lack of Jurisdiction,, Order on Motion to Take Judicial Notice,, Order on Motion to Strike, by GODSON M. NNAKA (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit A to C)(Amadi, Benneth). Added MOTION for Reconsideration on 3/13/2017 (znmw). (Entered: 03/10/2017) |
| 03/10/2017 | 25 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 23 Memorandum & Opinion, 22 Order on Motion to Dismiss/Lack of Jurisdiction,, Order on Motion to Take Judicial Notice,, Order on Motion to Strike, by GODSON M. NNAKA. Filing fee $ 505, receipt number 0090–4872289. Fee Status: Fee Paid. Parties have been notified. (Amadi, Benneth) (Entered: 03/10/2017) |

| | | | |
|---|---|---|---|
| 03/13/2017 | 26 | | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 25 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 03/13/2017) |
| 03/20/2017 | | | USCA Case Number 17–7044 for 25 Notice of Appeal to DC Circuit Court, filed by GODSON M. NNAKA. (zrdj) (Entered: 03/21/2017) |
| 03/24/2017 | 27 | | Memorandum in opposition to re 24 MOTION to Vacate 23 Memorandum & Opinion, 22 Order on Motion to Dismiss/Lack of Jurisdiction,, Order on Motion to Take Judicial Notice,, Order on Motion to Strike, MOTION for Reconsideration filed by FEDERAL REPUBLIC OF NIGERIA, ABUBAKAR MALAMI. (Egbase, Anthony) (Entered: 03/24/2017) |
| 05/23/2017 | 28 | | MOTION for Order *and for a Ruling on the Plaintiff's Motion to Reconsider and to Vacate the Court's Dismissal Order of 2/27/17,* by GODSON M. NNAKA (Attachments: # 1 Text of Proposed Order)(Amadi, Benneth) (Entered: 05/23/2017) |
| 05/23/2017 | 29 | 5 | ORDER denying 24 the motion to reconsider and vacate. See text of Order for details. Signed by Judge John D. Bates on 5/23/2017. (lcjdb3) (Entered: 05/23/2017) |
| 05/23/2017 | | | MINUTE ORDER: Upon consideration of 28 plaintiff's motion for order and for a ruling on plaintiff's motion to reconsider and vacate, and the entire record herein, it is hereby ORDERED that plaintiff's motion is DENIED AS MOOT. SO ORDERED. Signed by Judge John D. Bates on 5/23/2017. (lcjdb3) (Entered: 05/23/2017) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GODSON M. NNAKA,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**FEDERAL REPUBLIC OF NIGERIA,**<br>**et al.,**<br><br>    **Defendants.** | **Civil Action No. 16-1400 (JDB)** |

## ORDER

Before the Court is [24] plaintiff Godson Nnaka's motion for the Court to reconsider and vacate its February 27, 2017 Order granting defendants' motion to dismiss the complaint in its entirety. For the reasons that follow, Nnaka's motion is denied.[1]

Nnaka's motion for reconsideration challenges the Court's decision to dismiss his claims under the act of state doctrine and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[2] Motions for reconsideration, which are governed by Rule 59(e) of the Federal Rules of Civil Procedure, are "disfavored" and "granting . . . such a motion is . . . an unusual measure[.]" Cornish v. Dudas, 813 F. Supp. 2d 147, 148 (D.D.C. 2011); see also Mobley v. Cont'l Cas. Co., 405 F. Supp. 2d 42, 45 (D.D.C. 2005) ("A motion for reconsideration . . . will not lightly be granted."). "A Rule 59(e) motion is discretionary and need not be granted unless

---

[1] Prior to filing this motion, Nnaka filed a notice of appeal of the February 27, 2017, dismissal Order. See Not. of Appeal [ECF No. 25]. The D.C. Circuit ordered, on its own motion, that the appeal be held in abeyance pending resolution of this motion. See Clerk's Order, Nnaka v. Fed. Republic of Nigeria, No. 17-7044 (D.C. Cir. Mar. 20, 2017) [Doc. No. 1666834]; see also FRAP 4(a)(4)(B).

[2] The Court dismissed Nnaka's claims for breach of contract, breach of implied duty of good faith and fair dealing, misrepresentation and deceit, libel, intentional infliction of emotional distress, wrongful discharge, abuse of process, and equitable relief based on the act of state doctrine. See Feb. 27, 2017, Mem. Op. [ECF No. 23] at 19. The Court dismissed his remaining claims for unjust enrichment and quantum meruit under Rule 12(b)(6). Id. at 25.

1

the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Ciralsky v. Cent. Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Moreover, a Rule 59(e) motion "is not simply an opportunity to reargue facts and theories upon which a court has already ruled," New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995), nor is it "an opportunity for litigants to present theories or arguments that could have been advanced earlier, but were not," Mobley, 405 F. Supp. 2d at 45. Nnaka does not assert in his motion that there has been an intervening change in controlling law or that new evidence has become available. Instead, he contends that the Court's dismissal of his claims was clear error.[3] Pl.'s Mot. for Recons. [ECF No. 24] at 3, 8 (arguing that the Court "committed manifest errors of law").

Nnaka first argues that the Court misapplied Rule 12(b)(6) to dismiss his claims for unjust enrichment and quantum meruit. See id. at 3–8; see also Feb. 27, 2017, Mem. Op. at 19–25. Specifically, he contends that the Court improperly resolved contested factual issues and "unreasonably and baselessly doubted plaintiff's factual allegations."[4] See Pl.'s Mot. for Recons. at 1, 4. But contrary to Nnaka's protestations, the Court did not dismiss his claims "based on a disbelief of [the] Complaint's factual allegations." Id. at 4 (internal quotation marks omitted). Instead, the Court considered the two ways that Nnaka appears to have alleged that he conferred a benefit on Nigeria and, accepting those allegations as pled, concluded that they did not amount to

---

[3] Nnaka also argues that his motion for reconsideration should be granted because the Court "abused its discretion and acted arbitrarily," but that is not the standard that applies to his Rule 59(e) motion. Pl.'s Mot. for Recons. at 2, 11.

[4] Nnaka appears to suggest that it is sufficient that he merely alleged somewhere in the complaint that he "confer[ed] some benefit" on Nigeria. Pl.'s Mot. for Recons. at 5. If so, Nnaka is incorrect because Federal Rule of Civil Procedure 8(a)(2) requires more than a "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

2

Nigeria enjoying a benefit or recovery as a result of Nnaka's efforts, as required to state a claim for unjust enrichment or quantum meruit. See Feb. 27, 2017, Mem. Op. at 22–25. Nnaka's first theory (i.e., that he filed claims on Nigeria's behalf in the asset forfeiture case and presented those claims to then-Nigerian Attorney General Adoke for verification) falls short because Nigeria forfeited those claims and thus, received no benefit from Nnaka's services. See Berry Law PLLC v. Kraft Foods Grp., Inc., No. CV 13-0475 (RBW), 2013 WL 12061613, at *4 (D.D.C. Dec. 11, 2013) ("The provision of legal services alone is insufficient to support a claim for [unjust enrichment] . . . . [w]ithout some tangible benefit received from [those] legal services."); see also King & King, Chartered v. Harbert Int'l, Inc., 436 F. Supp. 2d 3, 14–15 (D.D.C. 2006) (finding no reported case applying D.C. law in which an attorney obtained relief on a quantum meruit theory when the client had recovered nothing). Nnaka's supposition that had Adoke verified Nnaka's claims, this Court "would have forfeited the discovered funds directly to Nigeria and the funds would have been repatriated safely to Nigeria," Compl. [ECF No. 1] ¶ 29, is purely speculative and therefore insufficient to state a claim. See Tracy v. United States, No. CV 16-651 (RDM), 2016 WL 7664716, at *4 (D.D.C. Nov. 18, 2016). And, as the Court explained, Nigeria's decision to forgo claims is a risk borne by Nnaka under a contingency-fee agreement. See Feb. 27, 2017, Mem. Op. at 22–23.

Nnaka also faults the Court for discounting his allegation that he "discovered" the looted assets, thereby conferring a benefit on Nigeria. Pl.'s Mot. for Recons. at 5–6. Again, the Court did not conclude that this allegation was untrue, or reject it out of hand. Rather, the Court gave Nnaka's allegation that he discovered the assets three different constructions and explained why, even if true, each failed to state a claim upon which relief could be granted because Nigeria has enjoyed no benefit or recovery. See Feb. 27, 2017, Mem. Op. at 23 (discovery is learning of asset

3

forfeiture case and filing claims on Nigeria's behalf); id. at 24 (discovery is learning of defendant assets before the United States government); id. at 24–25 (discovery is learning of defendant assets before the United States and prompting the U.S. asset forfeiture action). Nnaka's motion for reconsideration thus fails to convince the Court that it committed clear error when it dismissed his claims for unjust enrichment or quantum meruit under Rule 12(b)(6).[5]

Nnaka next takes issue with the Court's application of the act of state doctrine to dismiss his remaining claims. Nnaka contends that Adoke's decision to refer him to the Nigerian Economic and Financial Crimes Commission was not an act of state performed within the territory of Nigeria, because Nnaka received notice of that referral by way of a letter delivered to him in the United States. See Pl.'s Mot. for Recons. at 10. He also disputes that Adoke's May 2014 letter to the U.S. Department of Justice, which stated that Nnaka and his team of attorneys were not authorized to represent Nigeria in the asset forfeiture matter pending before this Court, could qualify as an act of state. Whereas this Court saw an official act performed within Nigeria that had effects elsewhere, see Feb. 27, 2017, Mem. Op. at 18, Nnaka sees a purely commercial act performed within the United States. See Mot. for Recons. at 9–11.

Nnaka has not convinced the Court that its prior analysis was error. When discussing Nigeria's decision to refer him to the Nigerian Economic and Financial Crimes Commission, Nnaka's motion for reconsideration incorrectly focuses on the Commission's notification letter to him, which he received in the United States. See id. at 10 ("The letter was written to plaintiff Nnaka by the EFCC and delivered to Nnaka in the United States by the U.S. post office"). His

---

[5] The Court rejects Nnaka's half-hearted argument that it improperly took judicial notice of the procedural dimensions of the related asset forfeiture case. See Pl.'s Mot. for Recons. at 7. Although Nnaka labels this as an "embarrassing error," he offers no authority to support his argument and does not challenge the cases that the Court cited in support of its decision to take judicial notice of the forfeiture case. See Feb. 27, 2017 Mem. Op. at 7. And, as noted, Nnaka himself repeatedly references the forfeiture case in his complaint. See id.

4

complaint, on the other hand, focuses on the referral itself, made by way of a letter from Adoke to the Commission. See, e.g., Compl. ¶¶ 101–103 (claim for intentional infliction of emotional distress). That referral, from one Nigerian government entity to another, was surely a public act performed within Nigeria, and may therefore constitute an act of state.[6]

Nnaka's arguments concerning Adoke's 2014 letter to the U.S. Department of Justice are similarly unavailing. Nnaka first claims that the relevant "act in issue" for act of state purposes is not the 2014 intergovernmental communication, but rather Nnaka's purported retainer agreement with Nigeria—a purely commercial undertaking. See Pl.'s Mot. for Recons. at 9–10. As noted in the Court's prior opinion, however, the 2014 communication between the Nigerian and U.S. governments is the very gravamen of Nnaka's complaint. See Feb. 27, 2017, Mem. Op. at 10, 17–18. Nnaka provides no persuasive reason for the Court to refrain from asking whether that communication could constitute an act of state. He also provides no persuasive reason for the Court to conclude that its answer to that question constituted clear error. Nnaka is correct, of course, that Adoke's 2014 letter was ultimately transmitted to the United States. See Pl.'s Mot. for Recons. at 11. But the act of state doctrine may nonetheless apply to a foreign sovereign's "official governmental speech formulated and directed from [within its own territory]" that is transmitted to the United States. Hourani v. Mirtchev, 796 F.3d 1, 13 (D.C. Cir. 2015) (statement posted on the website of Khazakstan's embassy in Washington, D.C. with the active support of the Kazakh ambassador is an act of state because statement was "formulated and dictated from within [Khazakstan's] own territory"). Nnaka provides no reason to doubt that the intergovernmental

---

[6] Because the referral was the relevant act of state, the Court considers the letters from the Economic and Financial Crimes Commission that Nnaka received in the United States to be irrelevant. See Ex. A to Pl.'s Mot. for Recons. [ECF No. 24-2]. Hence, the Court declines to take judicial notice of those letters. The Court also declines to take judicial notice of the two Nigerian newspaper articles published in 2016, see Pl.'s Mot. for Recons. at 15, to interpret the meaning of the 2004 Letter of Instruction sent to Nnaka from then-Nigerian Attorney General Olujinmi.

5

communication at issue here was "formulated and directed" from Nigeria, even if it was ultimately received in the United States. Nor does Nnaka engage with the D.C. Circuit authority, cited in the Court's opinion, explaining that official speech—particularly between governments dealing directly with each other as governments—has sovereign characteristics. See Feb. 27, 2017, Mem. Op. at 17–18 (citing Cicippio v. Islamic Republic of Iran, 30 F.3d 164, 168 (D.C. Cir. 1994); Hourani, 796 F.3d at 13–14). His blanket statement that the Court has cited "completely irrelevant" cases will simply not suffice. See Pl.'s Mot. for Recons. at 13.

The Court is also unpersuaded by Nnaka's argument that the act of state doctrine does not apply because Adoke's letter was an "illegal, corrupt, and fraudulent act." See Pl.'s Mot. for Recons. at 12. The cases cited by Nnaka in support of this argument are far different than his case. Unlike this case, United States v. Noriega, 746 F. Supp. 1506 (S.D. Fla. 1990), was a criminal case where the court held that a defendant could not shield himself from prosecution under the act of state doctrine based on a private criminal act (drug dealing) carried out for personal financial gain. 746 F. Supp. at 1522. Similarly, in Jimenez v. Aristeguieta, 311 F.2d 547 (5th Cir. 1962), the court held (in resolving a habeas corpus petition) that a defendant could not use the act of state doctrine to bar a criminal extradition proceeding based on defendant's alleged private criminal acts (embezzlement and fraud) carried out for personal gain. 311 F.2d at 557–58. Jimenez is also distinct from the instant case because there the U.S. executive branch manifested its desire that the court decide the case on the merits. See id. at 558. For all these reasons, Nnaka has failed to convince the Court that its application of the act of state doctrine was clear error.

Accordingly, it is hereby

**ORDERED** that [24] plaintiff's motion for reconsideration is **DENIED.**

**SO ORDERED.**

7

/s/
JOHN D. BATES
United States District Judge

Dated: May 23, 2017